UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jahiem Choyce,<br><br>　　　Plaintiff<br><br>v.<br><br>Shannon Clowers, Steven Altig, and Stefany Miley,<br><br>　　　Defendants | Case No.: 2:23-cv-01657-JAD-DJA<br><br>**Order Adopting Report and Recommendation and Dismissing Action**<br><br>[ECF No. 10] |

Plaintiff Jahiem Choyce has failed to comply with every order in this case. His case was screened and dismissed with leave to amend, and he was ordered to file an amended complaint by January 19, 2024.[1] He did nothing. Choyce was ordered to show cause by May 2, 2024, why the court should not recommend dismissal of his case for failing to file an amended complaint by the court-ordered deadline.[2] He did nothing. And when his court mail started getting returned to sender, the court ordered Choyce to update his address as required by the local rules by June 20, 2024.[3] Again, he did nothing. So I dismiss this case without prejudice for failing to comply with court orders.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action based on a party's failure to obey a court order or comply with local

---

[1] ECF No. 7.
[2] ECF No. 9.
[3] ECF No. 12.
[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

rules.[5]  In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.[7]  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[8]  Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[9]  Because this case cannot proceed without an

---

[5] *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[6] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[9] *Henderson*, 779 F.2d at 1424.

operative complaint on file and the plaintiff's compliance with court orders, the only alternative is to enter yet another order setting another deadline.  But issuing repeat orders will only delay the inevitable and further squander the court's finite resources.  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

Having thoroughly weighed these dismissal factors, I find that they weigh in favor of dismissal.  IT IS THEREFORE ORDERED that the magistrate judge's report and recommendation **[ECF No. 10] is ADOPTED** in its entirety.  **This case is DISMISSED** without prejudice.  The Clerk of Court is directed to **ENTER JUDGMENT ACCORDINGLY** and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: June 24, 2024